UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTERERS LOCAL 67 PENSION TRUST FUND, Trustees of;
PLASTERERS APPRENTICESHIP TRUST FUND, Trustees of;
and MICHIGAN TROWEL TRADES HEALTH
& WELFARE FUND, Trustees of,

     Plaintiffs,

CASE NO. 11-cv-11602

v.

HON. DAVID M. LAWSON

MARTIN MCMAHON PLASTERING, INC.,

     Defendant.

_____

| | |
|---|---|
| SACHS WALDMAN, PROFESSIONAL CORPORATION | ABBOTT NICHOLSON, P.C. |
| GEORGE H. KRUSZEWSKI (P25857) | JOHN MCGLINCHEY (P39178) |
| AMY BACHELDER (P26401) | KRISTEN L. BAIARDI (P71931) |
| HOPE L. CALATI (P54426) | Attorneys for Defendant |
| Attorneys for Plaintiffs | 300 River Place, Suite 3000 |
| 1000 Farmer Street | Detroit, MI 48207-4225 |
| Detroit, MI 48226 | (313) 566-2500 |
| (313) 965-3464 | |

_____

**REPORT OF PARTIES' PLANNING MEETING AND**
<u>**JOINT STATUS REPORT**</u>

    The parties have met and have prepared the following joint status report:

    A Rule 16 Status and Scheduling Conference is scheduled for August 2, 2011 at 2:30 p.m. Appearing for the parties as counsel will be:

        Hope L. Calati, counsel for plaintiffs
        John McGlinchey, counsel for defendant

1)    <u>Jurisdiction</u>: The basis for the Court's jurisdiction is Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 USC 185, and Sections 502(a)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 USC 1132(a)(2) and 1145, this being a suit for breach of the fringe

1

benefit provisions of collective bargaining agreements entered into or adopted by Local 67 of the Operative Plasterers' and Cement Masons' International Association, AFL-CIO ("Union"), an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 USC 142 and 185 and 29 USC 1002(12), to which plaintiffs allege that Martin McMahon Plastering, Inc. ("McMahon Plastering"), as an employer, is bound.

Defendant has not objected to the jurisdictional assertions.

2) <u>Jury or Non-Jury</u>: This case is to be tried by the court as a trier of law and fact.

3) <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct further proceedings in the case.

4) <u>Statement of the Case:</u> This case involves the claims of plaintiffs, trustees of ERISA fringe benefit funds, for payment of fringe benefit contributions and related amounts incurred under collective bargaining agreements to which defendant McMahon Plastering is bound.

Defendant McMahon Plastering denies that it is bound to any agreements requiring the payment of fringe benefit contributions to plaintiffs on behalf of the fringe benefit funds.

5) <u>Pendent State Claims</u>: This case does not include pendent state claims.

6) <u>Joinder of Parties and Amendment of Pleadings</u>: The parties do not expect to file motions for joinder of parties or amendment of pleadings.

7) <u>Disclosures and Exchanges</u>: The parties do not object to the required initial disclosures of Fed. R. Civ.P. 26 (a)(1).

(i) Fed.R.Civ.P.26(a)(1) disclosures shall be made on or before August 1, 2011.

(ii) The parties do not anticipate calling any expert witnesses retained specifically for this litigation. Therefore, it would not be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2).

(iii) The parties are unable to agree on voluntary production of materials at this time.

8) <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by January 28, 2012.

Discovery will be needed on the following subjects, by way of example:
    (i) *Plaintiffs' discovery needs*:

(1) the journals, ledgers, check registers, checking account statements, savings account statements, cash disbursement records, payroll records and all other books of account of McMahon Plastering;
(2) books, records and accounts of McMahon Plastering, without any limitation whatsoever, showing work performed by employees, hours worked by employees and any sums paid to plaintiffs and to employees covered by any labor agreements for the period of January 2006 to the date of production of those documents, including, but not limited to, the following:
    (i) Employee earnings records by calendar year, showing each employee's name, address, Social Security number, occupation, straight time and overtime hours worked, rate of pay, gross earnings, deductions and net pay;
    (ii) Copies of W-2 Forms filed for each employee annually;
    (iii) Copies of W-3 Forms filed for each year;
    (iv) Copies of all 1099's issued annually; and
    (v) Copies of MESA Form 1017 (Employee Wage Detail Report;
    (vi) Copies of 1096 Forms filed for each year;
    (vii) Copies of quarterly payroll tax returns; and
    (viii) Electronic payroll information.
(4) invoices for work performed by McMahon Plastering and/or supplies and materials purchased submitted to defendant McMahon Plastering and records of payment of any such invoices;
(6) records of employment practices and policies for McMahon Plastering, including the name of the carrier and policy number for worker's compensation and health insurance policies;
(7) corporate records for McMahon Plastering including Articles of Incorporation, Annual Reports, by-laws, certificate of dissolution or other notices of dissolution, minutes of all meetings of the boards of directors, all resolutions of the boards of directors, etc.;
(8) the deposition of Martin McMahon, the deposition of Erik Solon, the deposition of Gavin Wing, the deposition of the keeper of the records for McMahon Plastering, depositions of any of the current and former employees of McMahon Plastering; depositions of any of defendant's witnesses; documentation substantiating defendant's denials as to any of the allegations in plaintiffs' complaint; documentation substantiating each of defendant's affirmative defenses;

    (9) plaintiffs reserve the right to request or move for discovery on outstanding or unanticipated discovery issues.

  (ii) *Defendant's discovery needs*:

    (1) Copies of any and all documents which Plaintiffs allege support their claims against the Defendant, including, but not limited to, collective bargaining agreements, letters of understanding, and the like.

    (2) The depositions of Charles Novak, C.D. Nichols, J. McCool, Kem Whatley, and depositions of any other witnesses whom Plaintiffs allege support their claims against the Defendant.

    (3) Any other discovery that may become known during the course of litigation.

  The parties do not recommend that discovery be conducted in phases or be limited to or focused on certain issues. The parties do not recommend any limitations on discovery and do not recommend any modification of the presumptive time limits of Fed.R.Civ.P. 30(d)(2).

9) <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information related to the operation of defendant McMahon Plastering from January 2006 through the present. The parties will discuss the process for production of such information after defendant's counsel engages in an initial review of whether any such information has been stored electronically.

10) <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by March 9, 2012.

The following dispositive motions are contemplated by each party:

Plaintiffs and defendant anticipate the filing of motions for summary judgment on each of the issues of liability of each defendant and damages at issue in this matter.

11) <u>Alternative Dispute Resolutions</u>: The parties do not recommend that this case be submitted to alternative dispute resolution.

12) <u>Length of Trial</u>: Counsel estimate the trial will last approximately four days total, allocated as follows: two days for plaintiffs' case and two days for defendant's case.

13) <u>Prospects of Settlement</u>:  The parties are unable to reach settlement at this point in litigation.  The parties require further information regarding the liability of McMahon Plastering and damages.

14) <u>Other</u>: At this point, counsel are not aware of any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

| | |
|---|---|
| SACHS WALDMAN, PROFESSIONAL CORPORATION | ABBOTT NICHOLSON, P.C. |
| s/ Hope L. Calati<br>Hope L. Calati (P54426)<br>Attorneys for Plaintiffs<br>1000 Farmer Street<br>Detroit, MI 48226<br>(313) 965-3464<br>hcalati@sachswaldman.com | s/ Kristen L. Baiardi (by HLC w/p)<br>Kristen L. Baiardi  (P71931)<br>Attorneys for Defendant<br>300 River Place, Suite 3000<br>Detroit, MI 48207-4225<br>(313) 566-2500<br>klbaiardi@abbottnicholson.com |
| Dated:  June 30, 2011 | Dated:  June 29, 2011 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTERERS LOCAL 67 PENSION TRUST FUND, Trustees of;
PLASTERERS APPRENTICESHIP TRUST FUND, Trustees of;
and MICHIGAN TROWEL TRADES HEALTH
& WELFARE FUND, Trustees of,

   Plaintiffs,

                CASE NO. 11-cv-11602

v.

                HON. DAVID M. LAWSON

MARTIN MCMAHON PLASTERING, INC.,

   Defendant.
_____

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 30, 2011, I electronically filed the Report of the Parties' Planning Meeting and Joint Status Report, and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notice to the following ECF participants:

| | |
|---|---|
| John McGlinchey, Esq. | Kristen L. Baiardi, Esq. |
| Abbott Nicholson, P.C. | Abbott Nicholson, P.C. |
| 300 River Place, Suite 3000 | 300 River Place, Suite 3000 |
| Detroit, MI 48207-4225 | Detroit, MI 48207-4225 |
| jrmcglinchey@abbottnicholson.com | klbaiardi@abbottnicholson.com |

               BY: s/ Hope L. Calati
                  Hope L. Calati (P54426)
                  Attorney for Plaintiffs
                  1000 Farmer Street
                  Detroit, Michigan 48226
                  (313) 965-3464

Dated: June 30, 2011          hcalati@sachswaldman.com