UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of PLASTERERS LOCAL 67 PENSION
TRUST FUND, Trustees of: PLASTERERS
APPRENTICESHIP TRUST FUND, Trustees of:     Case Number 11-11602
MICHIGAN TROWEL TRADES HEALTH &
WELFARE FUND,                                Honorable David M. Lawson

      Plaintiff(s),

v.

MARTIN MCMAHON PLASTERING, INC.,

      Defendant(s).
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

**YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES**

| | |
|---|---|
| Initial Disclosures Exchanged By: | August 16, 2011 |
| Discovery Cutoff: | September 30, 2011 |
| | (as to liability only) |
| Interim Status Conference: | November 30, 2011 at 2:30 p.m. |
| Cross Motions re: Liability Filed By: | October 14, 2011 |

Detailed information contained in body of order. Read Carefully:
**SOME DEADLINES MAY BE SHORTER** than Local Rules would allow.

I.     Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Fed. R. Civ. P. 6(a).

II.     DISCOVERY.

    A. The Court enforces Rule 26 discovery plans agreeable to all parties. Disclosure required by Fed. R. Civ. P. 26(a)(1)(A), (B) and (C) shall be served on opposing counsel, *but not filed with the Clerk of the Court*, on or before **August 16, 2011**.

    B. **The Court reminds the parties that Fed. R. Civ. P. 5(d) and E.D. Mich. LR 26.2 prohibit the filing with the Clerk of depositions, interrogatories, requests for the production of documents, requests for admission, responses to such discovery material,** *and certificates of service* **except as provided for in Local Rule 26.2. Additionally, disclosures under**

> **Rule 26(a)(1) and (2), the corresponding discovery requests and responses must not be filed with the Clerk until they are used in the proceedings or the Court orders them to be filed pursuant to Local Rule 26.2.** See **Fed. R. Civ. P. 5(d).** *Parties and counsel who submit filings in violation of these provisions may be assessed costs by the Court.*

    C. Discovery shall be completed on or before **September 30, 2011 (as to liability only)**. This Court will not order discovery to take place subsequent to the discovery cutoff date. Discovery can be conducted both before and after the discovery cutoff date by stipulation only if the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates. Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion for good cause shown.

    D. Proposed protective orders must comply with the guidelines contained on the Court's web page. See http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=20.

III.    CROSS MOTIONS REGARDING LIABILITY ONLY. The deadline for filing cross motions regarding liability shall be **October 14, 2011.**

IV.    GENERAL MOTION PRACTICE.

    A. Discovery motions may be referred to the magistrate judge. Once a motion has been referred, all communication regarding that motion should be directed to the magistrate judge's chambers.

    B. The Court strictly enforces the requirements of Eastern District of Michigan Local Rules 5.1 and 7.1 and the Electronic Filing Policies and Procedures for all motions. Failure to follow these rules likely will result in a denial of the motion and may lead to sanctions.

    C. The Court requires strict compliance with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion. The Court requires that a good-faith effort be made to obtain concurrence, which normally involves actual contact with opposing counsel. If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference. The outcome of the conference must be stated. All of this must be documented specifically in the motion papers.

    D. Motions must be clear and succinct without extensive factual development. All briefs must comply with Eastern District of Michigan Local Rules 5.1 and 7.1, and must contain citation to appropriate authorities within the text of the brief (not in footnotes), and citations must conform to the latest edition of The Bluebook: A Uniform System of Citation published by the Harvard Law Review. In addition, briefs must contain a concise statement of facts supported by reference to the record. Footnotes are discouraged, but if they are utilized they must be printed in the same font size as the text, which may not be less than 12 points.

    E. Answers to motions and supporting briefs must be filed according to the schedule set forth in LR 7.1(d). Note that Rule R5(e) of the Electronic Filing Policies and Procedures prohibits combining an answer to a motion with a counter-motion in the same filing. *The Court does not issue a briefing schedule. The Court enforces the response and reply due dates as set*

*forth in LR 7.1(d) and Fed. R. Civ. P.6, even when the motion hearing is set far in advance.* Attorneys who do not respond to motions in a timely fashion are not permitted to argue before the Court during oral argument, if oral argument is scheduled.

F.  Counsel are discouraged from employing elaborate boilerplate recitations of the applicable motion standards and lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well chosen cases, preferably recent and from controlling courts.

G.  Facts stated in the statement of facts must be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits.

H.  When referring to unpublished sources, the full text of any unpublished source cited should be filed with the Court as an appendix. The appendix shall contain an index. As to cited deposition testimony, counsel are also encouraged to supply the Court with a transcript of cited page(s) together with sufficient accompanying pages to provide context. All citations must have page references. Other documents referred to in the briefs should be included in the appendix.

I.  Courtesy copies of motions and briefs must be provided to chambers in accordance with Rule R5(b) of the Electronic Filing Policies and Procedures.

J.  If a hearing is scheduled, the Court's Case Manager will send out a notice of the hearing date.

K.  The Court endeavors to decide pending motions promptly, ordinarily within six weeks after a hearing, or within three weeks after the time for a response has passed without a response being filed. Complex motions or those raising novel issues may require additional time to conclude. If a motion has been pending in chambers without resolution for an apparently inordinate time, counsel are asked to notify the Court's case manager by telephone or in writing (jointly if possible) as to the status of the motion. Such notification is a service that is appreciated by the Court and is not viewed by the Court as inappropriate or impertinent.

V.   E-FILING.

A.  All attorneys must obtain a PACER account and become a registered user to allow participation in the Case Management/Electronic Case Filing (CM/ECF) system. *All* attorneys should become familiar with the CM/ECF Policies and Procedures, which can be found as an Appendix to the Local Rules.

B.  Registered users will be notified immediately by the CM/ECF system of the Court's filing of orders, opinions, and notices. Attorneys who are not registered users may retrieve paper copies of orders and opinions from the office of the Clerk of the Court, 231 W Lafayette Blvd., 5th Floor, Detroit, Michigan.

C.  Courtesy copies submitted in accordance with Rule R5(b) of the Electronic Filing Policies and Procedures may be sent by ordinary mail posted within one (1) business day of the e-filing date. Paper copies should be directed to chambers and NOT filed in the Clerk's office.

    D. **WARNING!** UNDER THE E-GOVERNMENT ACT OF 2002, CERTAIN INFORMATION MUST NOT BE INCLUDED IN COURT DOCUMENTS. BEFORE FILING ANY COURT DOCUMENTS, EITHER ELECTRONICALLY OR IN THE TRADITIONAL MANNER, CONSULT THE E-GOVERNMENT NOTICE THAT CAN BE FOUND AT http://www.mied.uscourts.gov/Rules/Plans/07-0AO-030.pdf.

    E. Proposed orders and stipulated orders should not be e-filed. Rather they should be submitted to chambers through the document utilities feature of the CM/ECF. *See* Rule R11 of the Electronic Filing Policies and Procedures. Submissions must be in current WordPerfect format. Electronic signatures must conform to Rule R9 of the Electronic Filing Policies and Procedures.

    F. No documents may be filed or submitted under seal without prior approval of the Court, except as permitted by LR 5.3(a). Parties seeking to file sealed items must comply with LR 5.3(b)-(e).

VI. **Requests for extension of a scheduling order date are not routinely granted.** All requests shall be made *in writing* to the Court setting forth good cause, *see* Fed. R. Civ. P. 16(b)(4), in a (1) stipulation by the parties with a proposed order or (2) motion to extend the date which states that concurrence was sought and refused. The Court will consider persuasiveness of the reasons for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order.

VII. Lead counsel for the parties shall appear for a status conference on **November 30, 2011** at **2:30 p.m.** to discuss Alternative Dispute Resolution and other case management issues.

VIII. The Court will not allow counsel not admitted in the Eastern District to practice upon a special motion. All inquiries regarding admission to the Eastern District must be directed to the Clerk's Office at (313) 234-5005.

IX. Counsel may contact the Court's Case Manager with questions regarding the Court's practices, this order, or other matters of practice and procedure. However, **before calling chambers,** please consult the Court's web page at:

  http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=20.

                        s/David M. Lawson
                        DAVID M. LAWSON
                        United States District Judge

Dated: August 8, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 8, 2011.

                                             s/Deborah R. Tofil
                                             DEBORAH R. TOFIL